UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**AZOTIC COATING TECHNOLOGY, INC.,**

    **Plaintiff,**

    v.                            CIVIL NO. 05-314 MJD/JGL

**R.S. COVENANT, INC.**

    **Defendants.**

---

### DEFENDANT R.S. COVENANT, INC.'S COUNTERCLAIMS

---

Defendant R.S. Covenant, Inc. ("Defendant" or "R.S. Covenant"), for its Counterclaims against Plaintiff Azotic Coating Technology, Inc. ("Plaintiff" or "Azotic"), states as follows:

### PARTIES

1. R.S. Covenant, Inc. is a Missouri corporation with its principal place of business in O'Fallon, Missouri.

2. Upon information and belief, Azotic Coating Technology, Inc. is a Minnesota corporation with its principal place of business in Rochester, Minnesota.

### JURISDICTION AND VENUE

3. R.S. Covenant's counterclaims arise under the patent laws of the United States, Title 35 United States Code.

4. The claims alleged in this Counterclaim are brought under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. An actual and existing controversy exists between Defendant R.S. Covenant and Plaintiff by virtue of the allegations set forth in Plaintiff's Complaint for patent infringement

concerning the validity and scope of U.S. Patent No. 5,853,826 (the "'826 Patent"), and Defendant R.S. Covenant's liability for the alleged infringement thereof. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and/or 2202.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. On or about December 29, 1998, the United States Patent and Trademark Office granted the '826 Patent to Steven F. Starcke, Ronald H. Kearnes, Kevin E. Bennett and David A. Edmonson as the named inventors.

7. Plaintiff/Counterclaim Defendant Azotic alleges that it is the assignee of the '826 Patent and claims to have the exclusive right to manufacture, use, offer for sale and sell products that incorporate the technology of the '826 Patent.

## COUNT I
## Declaration of Judgment of Invalidity

8. R.S. Covenant incorporates by reference paragraphs 1 through 7 of its Counterclaim as if fully set forth herein.

9. Upon information and belief, each of the claims of the '826 Patent is invalid and void for failure to comply with one or more of the conditions for patentability as set forth in 35 U.S.C. §§ 102 and/or 103, including but not limited to, the specific reasons set forth below in paragraphs 10 through 12.

10. Upon information and belief, the '826 Patent is invalid and unenforceable under 35 U.S.C. § 102(a) because the alleged invention described and claimed therein was known and/or used by others in this country before the alleged invention thereof.

11. Upon information and belief, the '826 Patent is invalid and unenforceable under 35 U.S.C. § 102(b) because the alleged invention described and claimed therein was publicly

disclosed and/or in public use in this country more than one (1) year prior to the date of the application for the patent in the United States.

12. Upon information and belief, the '826 Patent is invalid and unenforceable under 35 U.S.C. § 103(a) because the differences between the subject matter claimed in the patent-in-suit and the prior art are such that the subject matter as a whole was obvious at the time the alleged invention was made to a person having ordinary skill and the relevant art.

13. R.S. Covenant requested judicial determination and declaration of the respective rights and duties of the parties herein in accordance with R.S. Covenant's contentions that the '826 Patent is invalid and unenforceable. Such determine is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the '826 Patent.

## COUNT II
### Declaration Judgment of Non-Infringement

14. R.S. Covenant incorporates by reference paragraphs 1 through 13 of its counterclaims as if fully set forth herein.

15. R.S. Covenant has not infringed any valid claim of the '826 Patent, either directly or through any act contributing or inducing infringement by another.

16. R.S. Covenant requests judicial determination and declaration of the respective rights and duties of the parties herein in accordance with R.S. Covenant's contentions that it does not infringe any valid claim of the '826 Patent.

WHEREFORE, Defendant/Counterclaimant R.S. Covenant, Inc. prays that judgment be entered in its favor and that the Court:

    (a)    dismiss Plaintiff's Complaint with prejudice;

    (b)    enter an Order adjudicating the '826 Patent to be invalid;

  (c) issue an Order adjudicating the '826 Patent to not be infringed by any product manufactured, used or sold by R.S. Covenant;

  (d) award R.S. Covenant its costs and reasonable attorneys' fees incurred pursuant to 35 U.S.C. § 285; and

  (e) for such other and further relief as the Court deems just and proper.

          Respectfully submitted,

Dated: June 2, 2005        s/Joel E. Bergstrom_____
              Michael R. Annis, Mo. Bar #47374
              Samuel Digirolamo, Mo. Bar #27676
              BLACKWELL SANDERS PEPER MARTIN LLC
              720 Olive Street
              Saint Louis, Missouri 63101
              Tel: 314-345-6000
              Fax: 314-345-6060
              E-mail: mannis@blackwellsanders.com
                 sdigirolamo@blackwellsanders.com

              and

              Albert L. Underhill
              Joel E. Bergstrom
              MERCHANT & GOULD
              3200 IDS Center
              80 South Eighth Street
              Minneapolis, MN  33402-2215
              Tel: 612-332-5300
              Fax: 612-332-9081

              *Attorneys for Defendant R.S. Covenant, Inc.*